# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MICHAEL T. MARCUM,**
**D.O.C. #D26428,**

    **Plaintiff,**

vs.                                                     Case No. 4:20cv134-AW-MAF

**MARK INCH, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case while housed at Martin Correctional Institution. At the time of case initiation, Plaintiff filed a complaint, ECF No. 1, motion for emergency preliminary injunction, ECF No. 2, and an in forma pauperis motion, ECF No. 3. Plaintiff was granted in forma pauperis status, ECF No. 5, and required to file an amended complaint, ECF No. 6, which he did. ECF No. 8. A recent Order directed service of Plaintiff's amended complaint. ECF No. 13.

Still pending in this case is Plaintiff's motion for a preliminary injunction. ECF No. 2. Plaintiff had alleged that he was at risk of harm

from an identifiable gang. ECF No. 2 at 2. He explained the circumstances of his underlying crime which could potentially place him at greater risk of retaliation in prison. *Id.* The plea waiver indicated a recommendation would be made to have the Defendant serve his sentence in protective confinement. *Id.* at 7.

Plaintiff was placed into confinement for protection reasons in 2019 at Dade Correctional Institution, but was subsequently transferred to Martin Correctional Institution. *Id.* at 2. There, Plaintiff was placed in general population housing and five days later, he was threatened by members of the gang. *Id.* Plaintiff reported the incident and was placed into confinement again pending a protective management decision. *Id.* at 2-3. The I.C.T. at that institution recommended Plaintiff for placement in protective custody but that recommendation was denied by the state classification officer. *Id.* at 3. Plaintiff appealed that decision, but the result of Plaintiff's appeal is unclear. It appeared that while Plaintiff's appeal was pending, Plaintiff was returned to open population and was told he would have to once again request protection. *Id.*

Plaintiff has argued that he meets the requirements for protective management under the Departments rules and he contends that he is at

serious risk of harm.  *Id.* at 5.  Plaintiff requests issuance of an injunction to require his placement in a protective management unit within the Florida Department of Corrections.  *Id.* at 6.

Two months after filing that motion, Plaintiff filed a notice of change of address, indicating he was now housed at Wakulla Correctional Institution. ECF No. 11.  It appeared from Plaintiff's amended complaint that he was housed in confinement, ECF No. 8 at 19, as of late April 2020.  Because Plaintiff's current housing status since his transfer to Wakulla C.I. was unknown, Plaintiff was required to provide clarification.  ECF No. 15. In particular, Plaintiff was directed to advise whether or not his emergency motion for a preliminary injunction was moot in light of his transfer.  *Id.*

Plaintiff has filed a timely response to that Order, ECF No. 18, although his response was not signed, and was submitted as a "motion to provide clarification."  It has, nevertheless, been considered and reveals that Plaintiff "is now housed in protective custody at Wakulla Correctional Institution." ECF No. 18 at 1.  Plaintiff suggests that he was placed in such status and transferred only after he filed this lawsuit, and he points out that his grievance appeal concerning the denial of his request for protective custody was denied.  *Id.*  Although Plaintiff's concern is noted, it still

remains that his motion for an emergency preliminary injunction, ECF No. 2, should be denied as moot because Plaintiff has received that which he sought - "to be placed in a protective management unit with the Department of Corrections . . . ."  ECF No. 2 at 6.  Should Plaintiff's situation change, he may so notify the Court.  At this point, however, no further judicial relief could be provided as to Plaintiff's motion.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for an emergency preliminary injunction, ECF No. 2, be **DENIED** as moot because Plaintiff has received the relief requested.  It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 23, 2020.

      S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.