# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MICHAEL T. MARCUM,**
**D.O.C. #D26428,**

    **Plaintiff,**

**vs.**	                                                             **Case No. 4:20cv134-AW-MAF**

**MARK INCH, et al.,**

    **Defendants.**
_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff's first amended complaint, ECF No. 8, was served on the Defendant Culpepper on June 11, 2020, ECF No. 17, and on Defendant Inch on June 10, 2020, ECF No. 16.  A notice of appearance of counsel was filed on July 9, 2020, ECF No. 21, and Defendants were granted an extension of time in which to respond to the complaint.  ECF Nos. 24-25.

On August 24, 2020, Defendants filed a motion to dismiss Plaintiff's complaint, asserting that this case is moot.  ECF No. 26 at 5.  Further, Defendants contend that there is no basis for liability against either Defendant.  *Id.* at 5-7.

Plaintiff was given until September 25, 2020, in which to file a reply to the motion.  ECF No. 27.  Plaintiff was advised that pursuant to Local Rule 7.1(E), a party opposing a motion must file a memorandum in opposition.  *Id.*  Despite being warned that Defendant's motion could be granted "by default" if Plaintiff did "not file a memorandum as required by" Rule 7.1(E), as of this date, Plaintiff has not filed a response.

**Allegations of the Amended Complaint, ECF No. 8**

Plaintiff alleged that he was arrested and, apparently, convicted of a crime which was committed against a gang member.  *Id.* at 11.  As a result, Plaintiff contends that "a state wide hit" was placed against him and he has been subjected to violence while in prison.  *Id.* at 11-12.  Because of the continuing risk of harm to Plaintiff, he requested placement in protective custody.  *Id.* at 12.  The I.C.T. [Institutional Classification Team] recommended that Plaintiff be housed in protective custody, but the State Classification Officer [S.C.O.] ultimately denied the request.  *Id.* at 13.  Plaintiff appealed that decision to Defendant Inch.  *Id.*

Plaintiff alleged that he was given the option to renew the request for protection, which he did, but which the I.C.T. denied in part, deciding instead to change their recommendation to a "transfer for protection"

because the protective management unit was "full." *Id.* at 15. The S.C.O. denied the transfer. *Id.*

Plaintiff contends that Defendants have a duty to protect him and he should not have to await further assault. *Id.* at 17-19.[1] Plaintiff alleges that Defendants have shown deliberate indifference to his need for safety by refusing him protection.[2] *Id.* at 19. Plaintiff's only request for relief is to be placed "into protective custody" for his safety. *Id.* at 22.

**Procedural Status**

At the time of case initiation, Plaintiff was housed at Martin Correctional Institution. On May 7, 2020, Plaintiff filed a notice of change of address, ECF No. 11, which revealed that he had been transferred to Wakulla Correctional Institution. Along with his initial complaint, Plaintiff had filed a motion for preliminary injunction, ECF No. 2. After Plaintiff's transfer, an Order was entered directing Plaintiff to advise whether or not his pending motion was moot in light of his transfer. ECF No. 15. Plaintiff acknowledged that he was "housed in protective custody at Wakulla

---

[1] As filed on the Court's electronic docket, it appears that a blank page was inserted between each written page of the amended complaint. ECF No. 8.

[2] Plaintiff specified that he was not suing Defendants for money, but "for protection from these gang members." ECF No. 8 at 19.

Correctional Institution." ECF No. 18 at 1. However, Plaintiff suggested that he was placed in such status and transferred only after he filed this lawsuit, and he pointed out that his grievance appeal concerning the denial of his request for protective custody had been denied. *Id.* Although Plaintiff's concerns were noted, a Report and Recommendation was entered which recommended denying his motion for an emergency preliminary injunction because Plaintiff's requested relief was moot. ECF No. 19. Plaintiff had received that which he desired - placement in protective management. *Id.* The Report and Recommendation was adopted. ECF No. 22.

Notably, Plaintiff did not file an objection to that first Report and Recommendation, ECF No. 19. Thereafter, Plaintiff has filed nothing further in this case.

**Motion to Dismiss, ECF No. 26**

Defendants contend that Plaintiff's claims in this case "are moot as his only requested relief is for injunctive relief which this Court has already determined to be moot." *Id.* at 4. Defendants advise that Plaintiff was "transferred away" from the alleged "source of danger to Wakulla Correctional Institution." *Id.* at 5. Because the relief sought in the motion

for preliminary injunction is the same as Plaintiff seeks in the complaint, Defendants request that this action be dismissed as moot.

> Absent class certification, an inmate's claim for injunctive relief in a Section 1983 action fails to present a case or controversy once the inmate has been transferred. Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects.

Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (citations omitted); Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1987). Here, Plaintiff has not identified any further adverse consequences and, indeed, the lack of any response to the motion to dismiss demonstrates that there is no longer a case or controversy. The motion to dismiss should be granted.[3]

---

[3] In light of this recommendation, the Defendants' argument concerning failure to state a claim has not been addressed.

Case No. 4:20cv134-AW-MAF

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss Plaintiff's amended complaint, ECF No. 26, be **GRANTED** and this case be **DISMISSED** as moot.

**IN CHAMBERS** at Tallahassee, Florida, on October 21, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**